(No. 2185— )

CHARLES R. FERGUSON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 31, 1935.*

FRANK R. EAGLETON, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

In a claim filed May 31, 1933, claimant seeks an award of Two Thousand One Hundred Seventy Seven and 50/100 Dollars ($2177.50) for balance due on temporary total disability and for partial permanent loss of the use of his right leg and for medical and ambulance service in connection therewith.

Claimant served as a Highway Maintenance Policeman for the State of Illinois from March 13, 1931 to August 19, 1932 at a salary of One Hundred Seventy Five Dollars ($175.00) per month. It was stipulated between the parties hereto that on the 19th day of August, 1932 while riding a motorcycle enroute from his home in Sumner, Illinois to Springfield, Illinois he struck some loose gravel that had been dragged on to the State hard road, thereby throwing him from his motorcycle into the guard rail; that he had been ordered to do police duty at the State Fairgrounds at Springfield and was enroute thereto at the time; that as a result of said accident he has lost the feeling in his fourth or little finger and his third or ring finger of the right hand; and that he also received a comminuted multiple fracture of the right Femur; that actual notice of the accident was given to the Chief of.

the State Highway Police within thirty days and that demand for compensation was made within six months after the accident; that as a result of the injuries received claimant was in the Olney Sanitarium for a stated period and that the charges for the medical attention there received are fair and reasonable; that the ambulance bills necessarily incurred were reasonable and necessary and that the total amount of all such services is Three Hundred Seventy Two and 50/100 Dollars ($372.50) now due and unpaid to the respective persons furnishing such service, as per original Exhibits attached.

It is further stipulated that claimant received his salary of One Hundred Seventy Five Dollars ($175.00) per month through January, 1933 and was paid One Hundred Fifty Dollars ($150.00) per month for February and also for March, 1933, and that he was discharged from the service of the State effective as of April 1, 1933.

It further appears from the record that claimant, at the time of the accident, had three children, two of whom were under the age of sixteen years, to-wit: a boy, born June 7, 1918 and a daughter, born November 18, 1931. In a Medical report, dated May 25, 1933, by Dr. James A. Weber, claimant was reported to have a permanent disability of fifty per cent (50%) because of the fracture of the right femur. In the same report the doctor states that there is a loss of sixty per cent (60%) in the motion of the right knee and that the angulation and stiffness of the knee will be permanent and will disable claimant for the remainder of his life. In a later report of an examination on June 26, 1934 Dr. Weber states that the partial permanent disability to claimant is sixty per cent (60%) by reason of the facture of said leg and states that there is a shortening of approximately one and one-half inches (1½").

Claimant contends that "under *Paragraph 'K' of Section 19 of the Workmen's Compensation Act* he would be entitled to a fifty per cent (50%) penalty from February 10, 1934, to August 1, 1935, i. e. a penalty on seventy-six (76) weeks on the compensation due him for that period."

In providing a forum, i. e. the Court of Claims, in which demands against the State might be considered, and if justified by law, allowed, we have repeatedly held that it was not the intention of the Legislature to authorize charging the State with interest or penalties in connection with any award

recommended by this court and this contention of claimant meets with no favor.

Compensation to be allowed herein will be by virtue of *Section 8 and Section 8 Sub-sections (b)—(e)—15—(h)—(j) and 17 of the Workmen's Compensation Act;* and as computed thereunder, claimant would be entitled to temporary total disability from August 19, 1932 to February 1, 1934, or seventy-six (76) weeks, subject to the minimum provision of sixty-four (64) weeks contained in Sub-Section (8e). This compensation would be on the basis of Sixteen Dollars ($16.00) per week or One Thousand Twenty Four Dollars ($1,024.00). He was paid from the time of his injury until the date of his discharge on April 1, 1933 the sum of One Thousand Two Hundred Thirty Five Dollars ($1,235.00), or an overpayment of Two Hundred Eleven Dollars ($211.00). The Compensation Act provides for fifty per cent (50%) of the average weekly wage for one hundred ninety (190) weeks for the permanent and complete loss of the use of a leg, which percentage is increased under Section 8(j) to sixty per cent (60%) because of the two children under sixteen years of age at the time of the injury. For the same reason the amount of weekly compensation applicable is Sixteen Dollars ($16.00). Under these provisions claimant is entitled to receive One Thousand Eight Hundred Twenty Four Dollars, ($1,824.00) for specific partial permanent disability of the left leg, from which should be deducted the excess payment of Two Hundred Eleven Dollars ($211.00) heretofore paid him. He would also receive the sum of Three Hundred Forty Five Dollars, ($345.00) with which to pay medical, hospital and ambulance expenses incurred by him, making a total allowance in the sum of One Thousand Nine Hundred Fifty Eight Dollars ($1,958.00).

An award is therefore entered in favor of claimant in the total sum of $1,958.00.